# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| GEORGE BRACKETT,                     )<br>                                                       )<br>               PLAINTIFF          )<br>                                                       )<br>v.                                                  )<br>                                                       )<br>GENERAL DYNAMICS            )<br>ARMAMENT AND TECHNICAL )<br>PRODUCTS, INC.,                       )<br>                                                       )<br>               DEFENDANTS      ) | CIVIL NO. 10-176-P-H |

## DECISION AND ORDER ON DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS PROCEEDINGS

The plaintiff employee in this case challenges the enforceability of his agreement to arbitrate employment disputes, arguing that the arbitration agreement here is unconscionable. Pl's. Opp. to Def's. Mot. To Compel Arbitration (Docket No. 9). I conclude that he has failed to show unconscionability under Maine law. He must therefore follow the dispute-resolution provisions of his employment contract, and I **GRANT** the defendant employer's motion to compel arbitration and to dismiss the plaintiff's whistle-blowing complaint.

*The Employee's Claim About the Dispute Resolution Policy*

The employee says that the following elements of his employer's dispute resolution policy make it unconscionable and unenforceable:

1. There is no way to opt out of the provision.

2. The employer can bypass one or more of the levels that precede arbitration, but the employee cannot.

3. There is a 30-day limit on appeal at each level of the 4-stage process.

4. The proceedings are confidential.

5. The plaintiff has to pay his own legal fees and costs.

6. The employer can alter or terminate the agreement.

7. Discovery is more limited than in litigation, specifically no express right to take depositions or serve interrogatories, no specific time period for discovery, and a statement that "this procedure does not require conformity to the legal rules of evidence."

8. The employee cannot recover costs.

9. The employee cannot appeal the arbitration decision.

***What the Policy Provides***

According to the language of the Employment Dispute Resolution Policy, Exhibit B, there are four levels of review for employment-related disputes: 1. Human Resources; 2. Management review panel; 3. Mediation; 4. Binding arbitration. Employment Dispute Resolution Policy at 2, Ex. B to Def's. Memo. In Support of its Mot. To Compel Arbitration and Dismiss Proceedings (Docket No. 4). The dispute resolution policy is mandatory, and there is no way for the employee to opt out of any of the stages. Id. at 2. The employer can opt out of the first three stages only in the case of non-employees (applicants or already terminated employees) or where the employer is the initiating party. Id. Under

the policy, the employer pays administrative fees, the arbitrator's fee and expenses. Id. at 10. The parties pay their own expert and legal fees "unless the arbitrator awards reasonable experts' and/or attorneys' fees to the Employee." Id. at 15. The parties may conduct depositions either by agreement or by Order of the Arbitrator, and discovery is to be completed no less than 10 days before the arbitration hearing. Id. at 13. The agreement does recognize appeal under either the Federal Arbitration Act or state law, id. at 15 (but I recognize the limits of appellate review of arbitrators' decisions). The agreement here has not been changed during the employee's employment and can be changed or terminated only upon 30 days notice and then only as to claims not yet filed. Id. at 6.

***The Law***

The U.S. Supreme Court has recognized the "fundamental principle that arbitration is a matter of contract" and that an arbitration agreement "may be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability.'" Rent-A-Center, West, Inc. v. Jackson, 2010 WL 2471058 *3 (S. Ct. June 21, 2010) (quoting Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 687 (1996)). The plaintiff employee here cites three Ninth Circuit Court of Appeals cases in support of his claim that this arbitration agreement is unconscionable. Al-Safan v Circuit City Stores, Inc., 394 F.3d 1254 (9th Cir. 2005); Circuit City Stores, Inc. v. Mantor, 335 F. 3d 1101 (9th Cir. 2003); Ingle v. Circuit City Stores, Inc., 328 F.3d 1165 (9th Cir. 2003). Those three cases, however, were applying the state laws of California and Washington. The law

3

applicable to the enforceability of this employment contract is the law of Maine, where the plaintiff was employed. See Employment Dispute Resolution Policy at 2, Ex. B to Def's. Memo. In Support of its Mot. To Compel Arbitration and Dismiss Proceedings ¶ 21, at 15.

Maine recognizes "a broad presumption in favor of arbitration." Barrett v. McDonald Investments, Inc., 870 A.2d 146, 149 (Me. 2005), including arbitration in the employment context. Id. (citing Westbrook Sch. Comm. v. Westbrook Teachers Ass'n, 404 A.2d 204 (Me. 1979) and Lewiston Firefighters Ass'n v. City of Lewiston, 354 A.2d 154 (Me. 1976)). Maine has not yet ruled on an unconscionability challenge to an employment (or any other) arbitration provision under Maine law, Barrett, 870 A.2d at 151 n. 4. (It has done so under Texas laws. Stenzel v. Dell, Inc., 870 A.2d 133 (Me. 2005).) The Maine cases on contractual unconscionability outside of arbitration, however, set a high hurdle to overcome. The most fulsome statement of what is required appears in Bither v. Packard, 98 A. 929 (Me. 1916):

> There may be such unconscionableness or inadequacy in a bargain as to demonstrate some gross imposition or some undue influence; and in such cases courts of equity ought to interfere, upon the satisfactory ground of fraud. But then such unconscionableness or such inadequacy should be made out as would (to use an expressive phrase) shock the conscience, and amount in itself to conclusive and decisive evidence of fraud. And where there are other ingredients in the case, of a suspicious nature, or peculiar relations, between the parties, gross inadequacy of price must necessarily furnish the most vehement presumption of fraud. Hence it is that, even if there be no proof of fraud or imposition, yet, if upon the whole circumstances, the contract appears to be grossly against conscience, or grossly unreasonable and oppressive, courts of equity will sometimes interfere and grant relief, although they certainly

are very cautious of interfering unless upon very strong circumstances.

Id. at 933 (internal citations omitted). The dispute resolution procedure here does not come close to meeting that standard of unconscionability. The modest limits on discovery, the American Rule on attorney fees (with the ability of the Arbitrator to award fees to the employee), the confidentiality of proceedings, the time limits on appeal, the employer's ability to bypass levels such as a human resources or management review, the fact that the procedure is mandatory and binding, and the ability of the employer to amend its policies upon 30 days notice, are all ordinary, some would say desirable, incidents of arbitration and dispute resolution procedures. Many of them have been well known in employment contexts for decades. They are not individually or collectively unconscionable under Maine law standards.[1]

The defendant's motion to compel arbitration and to dismiss is **GRANTED**.

**SO ORDERED.**

**DATED THIS 25TH DAY OF JUNE, 2010**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] Neither party has addressed the effect of the whistle-blower statute's provision for assistance of the Maine Human Rights Commission, 26 M.R.S.A. § 834-A, or the applicability of the civil fine provision of 26 M.R.S.A. § 836.